UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA O'NEILL, | Civ. No. 16-4266 (KM) (MAH) |
| Plaintiff, | |
| v. | OPINION |
| NORTHLAND GROUP, INC., et al., | |
| Defendants. | |

KEVIN MCNULTY, U.S.D.J.:

Barbara O'Neill sues Northland Group, Inc., a debt collector, for damages and declaratory relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Her claim is essentially that a debt collection letter, dated July 15, 2015, contained a misleading statement concerning settlement for less than the full amount owed. For the reasons stated herein, I find that the face of the letter and prior case law permit me to rule as a matter of law that the language in this letter is not misleading within the meaning of FDCPA. I therefore grant Northland's Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim upon which relief may be granted.

**BACKGROUND**

The Complaint (ECF no. 1), filed on July 13, 2016, alleges as follows.

The plaintiff, Ms. O'Neill, is a "consumer" within the meaning of FDCPA. She had a credit card account with TD Bank USA/Target Cards ("TD Bank"). O'Neill defaulted on the obligation, and the account was transferred to defendant Northland, which is a debt collector within the meaning of FDCPA. (Cplt. ¶¶ 14–20)

1

Northland sent O'Neill a one-page letter dated July 14, 2015. ("Letter", ECF no. 1 at 13; a copy is attached for ease of reference.) The Letter has a box at the top that identifies the creditor as TD Bank, states the account number (masked), and states that the "Account Balance" is $344.42.

The first paragraph of the body of the Letter reads as follows:

> The above referenced client has assigned your account to our office for collections. Your creditor has authorized us to extend an offer to settle this account with you at a reduced amount. In order to take advantage of this money saving opportunity, please contact us at the number listed below. We are not obligated to renew this offer.

(Letter; *see also* Cplt. ¶ 27) This language is alleged to be misleading in that it would lead the recipient to believe "that the creditor had authorized only a singular, pre-set settlement offer" (Cplt. ¶ 33), when in reality Northland "was authorized by the creditor to accept a range of settlement offers and terms" (Cplt. ¶ 34).

Count 1 alleges a claim under that the quoted passage was deceptive and that it constituted an unconscionable means to collect or attempt to collect a debt, in violation of FDCPA, 15 U.S.C. §§ 1692e and 1692f.

## DISCUSSION

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Federal Rule of Procedure 8(a) requires that the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The courts construe FDCPA broadly to further its remedial purpose and goal of "eliminat[ing] abusive debt collection practices by debt collectors." *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 997 (3d Cir. 2011); 15 U.S.C. § 1692(e). In assessing communications to debtors, the courts adopt the perspective of the "least sophisticated debtor," so that the law protects the gullible as well as the shrewd. *Lesher* at 997; *accord McLaughlin v. Phelan Hallinan & Schmeig, LLP,* 756 F.3d 240, 246 (3d Cir. 2014). That said, this framework "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354-55 (3d Cir. 2000) (internal quotation marks and citation omitted)).

An offer to settle, as such, does not violate the FDCPA. *See, e.g., Campuzano-Burgos v. Midland Credit Management, Inc.,* 550 F.3d 294, 299 (3d Cir. 2008). Nor need the creditor lead with its last and best offer. *See DeKoven v. Plaza,* 599 F.3d 578, 579 (7th Cir. 2010).

The passage from the Letter, quoted in full at p. 2, above, is said to be deceptive, but it actually does not say that much. It conveys that Northland is authorized to settle the debt at an unspecified "reduced amount." It tells the recipient to contact Northland to take advantage of this "money saving opportunity." And it states that "[w]e are not obligated to renew this offer."

The Complaint alleges that the Letter misleadingly implies that this is a one-time, take-it-or-leave-it offer, and that Northland is not authorized offer any other terms at any other time. I don't think it does. To begin with, the "offer" has no dollar amount, terms or deadline; it seems to be no more than an invitation to negotiate. And the Letter states that Northland is "not **obligated** to renew this offer." Case law has held that this very language is a safe harbor. It adequately discloses to the consumer that other settlement offers may be, need not necessarily be, in the offing:

> We think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a

3

> false impression of his options by the debt collector's including with the offer the following language: **"We are not obligated to renew this offer."** The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding LLC,* 505 F.3d 769, 775–76 (7th Cir. 2007) (emphasis added); *see also Kryluk v. Northland Group, Inc.,* No. 14-3198, 2014 WL 6676728, at *7 (E.D. Pa., Nov. 25, 2014).

In commonsense terms, the Seventh Circuit in *Evory* pointed out that a ruling finding such language "deceptive" would be highly impractical and unrealistic:

> There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer.

505 F.3d at 775.

In slightly more acerbic terms, *Evory* cautions that such a ruling might make beneficial settlements impossible and require creditors to insist on full payment:

> The objection to allowing [FDCPA] liability to be based on such offers is that the settlement process would disintegrate if the debt collector had to disclose the consequences of the consumer's rejecting his initial offer. If he has to say, "We'll give you 50 percent if you pay us by May 14, but if you don't, we'll probably offer you the same or even better deal later, and if you refuse that, we'll probably give up and you'll never have to pay a cent of the debt you owe," there will be no point in making offers.

*Id.*

It is axiomatic that statements in a brief cannot amend a complaint. Nevertheless I consider the Plaintiff's refinement of her argument in her brief as a proffer of an amendment. The language in the letter, says plaintiff's counsel, is susceptible of two meanings, and the first is inaccurate:

- That TD Bank authorized Defendant to settle the debt for only the "reduced amount" of "$344.42", or;

- That TD Bank authorized Defendant to settle the debt for any number less than or equal to $344.42. Put another way, if Plaintiff does not agree to settle the debt for the "reduced amount" of $344.42, TD has still authorized Defendant to settle the debt for less than $344.42.

(Pl. Brf. 5)

I cannot read the letter in the manner suggested. At the top, in a box, the letter lists the "Account balance" as being $344.42. Plaintiff's counsel seems to be saying that the reader could interpret this as being the "reduced amount" that is being offered in settlement in the body of the letter. I do not believe that even the least sophisticated reader could read it that way.

I am persuaded by the reasoning of *Evory*, and in any event I do not read the Letter as bearing the misleading implication that plaintiff's counsel draws from it. It is not deceptive or unconscionable within the meaning of the FDCPA.

## CONCLUSION

For the foregoing reasons, Northland's motion to dismiss the complaint is GRANTED. Because this ruling is based on the face of a document, which cannot be amended, an opportunity to amend would be futile. This dismissal is therefore with prejudice.

Dated: May 3, 2017

_____
**KEVIN MCNULTY**
**United States District Judge**

P.O. BOX 129
THOROFARE, NJ 08086-0129



*Northland Group*

July 14, 2015



| | TD BANK USA, N.A./TARGET CARDS |
|---|---|
| | XXXXXXXXXX6790 |
| | $344.42 |

Barbara Oneill

Dear Barbara Oneill:

The above referenced client has assigned your account to our office for collections. Your creditor has authorized us to extend an offer to settle this account with you at a reduced amount. In order to take advantage of this money saving opportunity, please contact us at the number listed below. We are not obligated to renew this offer.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Our customer service agents are available to assist you in handling this matter and can be reached at 866-932-6731.

For information requests and general questions pertaining to this notice, please call us directly at 1-866-606-5390.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

------------------------------ ▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲ ------------------------------

Barbara Oneill

| | TD BANK USA, N.A./TARGET CARDS |
|---|---|
| | XXXXXXXXXX6790 |
| | $344.42 |

Pay Online at www.arm1payments.com

Northland Group, Inc.
P.O. BOX 129
THOROFARE, NJ 08086-0129

| CARD HOLDER NAME | | |
|---|---|---|
| VISA  CARD NUMBER | | EXP DATE |
| SIGNATURE | | |
| MasterCard  AMOUNT | | CVV/CID (3-Digit Verification Code on Back of Card) |

TAR1
NORTHLAND.WFD